UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS.   CASE NO. 05-100T

MILQUAN LYLES

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE OR VARIANCE

Now comes Defendant Milquan Lyles and hereby moves this Honorable Court for a Downward Departure or Variance for reasons indicated in the attached Memorandum.

DEFENDANT
MILQUAN LYLES
By his attorneys,
McKENNA & McCORMICK

/s/ James T. McCormick
**James T. McCormick (#2614)**
128 Dorrance Street, Suite 330
Providence, RI 02903-2814
(401) 831-2970
(401) 751-1797 (FAX)

### CERTIFICATION

I hereby certify that a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.

Asst. U. S. Atty. Terrence Donnelly
**U. S. Department of Justice**
50 Kennedy Plaza, 8th Floor
Providence, RI 02903   /s/ James T. McCormick

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

    VS.                                                                                                 CASE NO. 05-100T

MILQUAN LYLES

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE OR VARIANCE

Defendant Milquan Lyles has pleaded guilty to one (1) count of possession of a firearm after conviction of a felony. The pre-sentence report calculates a guideline range of fifty-one (51)-sixty-three (63) months, based on total offense level of seventeen (17) and criminal history category of six (6). Defendant does not object to this calculation.

Defendant is presently serving an undischarged term of imprisonment of four (4) years imposed upon him in Rhode Island State Court on June 9, 2005. This sentence was imposed after Mr. Lyles was found to be a violator of a previously imposed four (4) year suspended sentence for conspiracy (Pre-Sentence Report, paragraph 26A), for the offense conduct (possession of a firearm) which gives rise to the instant case. His scheduled release date from this State sentence is November 17, 2008, which is the scheduled good-time release date (Pre-Sentence Report, paragraph 50).

The plea agreement in this case provides that Mr. Lyle's sentence in the instant case run partially concurrently with the sentence he is currently serving in Rhode Island:
> Pursuant to section 5 G 1.3 (c) of the guidelines the Government recommends that the defendant's sentence run concurrently with the sentence he is currently serving in Rhode Island state custody, and that the sentence in the instant case should credit the defendant for the time the defendant has served since the date he executed the waiver of his right under the Interstate Agreement on Detainers namely, November 20, 2006. (Plea Agreement, Paragraph 2d).

1

(Mr. Lyles was arrested on the date he committed the crime, May 19, 2005, and was held without bail in Rhode Island State Court as a probation violator. On June 9, 2005 he was given a four (4) year sentence for this violation. On July 14, 2005 felony charges were filed against him in Providence County Superior Court, he was indicted on September 14, 2005 by a Federal Grand Jury, after which his State Court charges were dismissed on September 25, 2005. Because Mr. Lyles was held in State custody he could not be prosecuted on the federal indictment until he agreed to be transferred from State to Federal custody under the Interstate Agreement on Detainers, which he did on November 20, 2006. At that time Mr. Lyles was represented by the federal public defender's office. The undersigned counsel was assigned the case on January 10, 2007.)

As the pre-sentence report states, the imposition of a sentence with a prior undischarged sentence resulting from the revocation of probation is governed by section 5 G 1.3 (c) which provides:

> (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence in the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offence.

Application Note 3 (C) to §5 G 1.3 Notes that subsection c applies in cases in which the defendant was on federal or state probation, and recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

The defendant respectfully requests that this honorable court impose the partially concurrent sentence which the government agreed to in the plea agreement, rather than imposing the consecutive sentence which the sentencing guidelines recommend as a matter of policy in such cases. If defendant had not agreed to waive his rights under the IAD his indictment would have languished until he completed his State sentence in November 2008, after which defendant would have been transferred from State to Federal Custody to face the federal indictment. Any sentence imposed on the federal

charge would by necessity have run consecutively to the State sentence which would by then have expired.

By agreeing to face the federal indictment on November 20, 2006, defendant permitted his expeditious prosecution on the federal charge which conferred a benefit upon the government and the judicial system by allowing the federal prosecution to proceed in a more timely manner. If defendant's federal sentence is made consecutive to his state sentence, then defendant in this case will receive the same sentence as if he had waited until the expiration of the state sentence to face the federal prosecution. This result is inequitable because it gives defendant no consideration for his request for an earlier prosecution. Such a result also eliminates any incentive for a defendant in such a situation to request an earlier prosecution, since the length of his prison sentence would be the same in either case.

The situation in which the probation violation sentence is <u>prior</u> to a federal sentence arising out of the same conduct is particularly prevalent in Rhode Island, where, unlike some other jurisdictions, the State has the option of bringing a violation hearing prior to the disposition of the substantive charges against defendant. Mr. Lyles case provides an excellent example of this: his offense conduct was May 19, 2005, and he was found to be a violator less than a month later on June 9, 2005. This was before State Court felony charges were even filed against him, on July 14, 2005. In a State permitting such expeditious imposition of violation sentences, a policy which makes a federal sentence arising out of the same conduct automatically consecutive to the State court violation sentence is particularly onerous and unfair.

Should this honorable court decide to impose defendant's sentence partially concurrently with the sentence he is already serving, the method of accomplishing this is a through a downward departure to the sentence imposed on defendant. This is authorized by Application Note 3 (E) to §5 G 1.3 which provides as follows:

> <u>Downward Departure</u>. Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. However, in an

extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downwardly depart. This may occur for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to insure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencing. Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that insures a reasonable incremental punishment for the instant offense of conviction.

To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. §3585 (b) to grant credit for time served under certain circumstances, the commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to section 5 G 1.3 (c), rather than a credit for time served.

In Mr. Lyles' case, the sentence agreed to by the government is the low end of the guideline range, fifty-one (51), months commencing on November 20, 2006. The completion date of this sentence (excluding good time reduction for ease of calculation) would be February 20, 2011.

However, without adjustment to make the sentence partially concurrent, his fifty-one (51) month sentence would commence upon his release from his State sentence on November 17, 2008. Fifty-one (51) Months after this date is February 17, 2013 which is essentially two (2) years later than the February 20, 2011 release date recommended by the plea agreement. Thus, defendant will serve two (2) additional years imprisonment without this adjustment. The imposition of a fifty-one (51) month sentence without a downward adjustment would amount to a total imprisonment of seven (7) years and nine (9) months (May 19, 2005-February 17, 2013) because the defendant would commence the federal sentence after the expiration of the state sentence. Defendant respectfully argues that this total sentence is excessive punishment for this crime.

The adjustment which will cause defendant's federal release date to occur on February 20, 2011 is the reduction of the sentence of fifty-one (51) months by the twenty-

4

four (24) months additional time he would be required to serve before the expiration of the state sentence. Fifty-one (51) months minus twenty-four (24) months equals a sentence of twenty-seven (27) months. This sentence will commence upon defendant's State sentence release date of November 17, 2008, which will give him a federal sentence release date of February 17, 2011, what is the release date contemplated by the plea agreement. Thus, the total sentence the defendant will have served from his arrest date of May 19, 2005 until his discharge from federal imprisonment on February 17, 2011 is five (5) years and nine (9) months (sixty-nine(69) months). Defendant respectfully argues that this is a sufficient total punishment for this crime.

Defendant has styled this motion as a motion for downward departure or variance, because this court now has the authority, post *Booker*, to impose a sentence less than the guideline even if the formal requirements for a downward departure are not met. In this case, defendant respectfully argues that the requirements for a departure are satisfied notwithstanding the application note recommending against concurrent sentences where the prior undischarged sentence is a probation violation. As the guidelines are now advisory, rather than mandatory, this honorable court has the discretion to reduce defendant's sentence to twenty-seven (27) months so as to as result in an appropriate total punishment for this offense.

                                                          Respectfully submitted,

                                                          DEFENDANT
                                                          MILQUAN LYLES
                                                          By his attorneys,
                                                          McKENNA & McCORMICK

                                                          /s/ James T. McCormick
                                                          **James T. McCormick (#2614)**
                                                          128 Dorrance Street, Suite 330
                                                          Providence, RI 02903-2814
                                                          (401) 831-2970
                                                          (401) 751-1797 (FAX)

6

## CERTIFICATION

I hereby certify that a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.


Asst. U. S. Atty. Terrence Donnelly
**U. S. Department of Justice**
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

/s/ James T. McCormick