**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-100T** |
| | : | |
| **MILQUAN LYLES** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR DOWNWARD DEPARTURE OR VARIANCE**

_____In the above-captioned case, the defendant has moved for a downward departure (or, alternatively, a variance from the guideline range), based on the fact that he is serving an undischarged four-year term of imprisonment due to a state of Rhode Island sentence. With respect to that motion, the government does not object to the extent that any departure results in a sentence where the defendant is released in or about February 2011.[1] Additionally, the government makes the following statements:

1. The government agrees in principle with the legal analysis submitted by the defendant, and in particular the analysis of the proper application of U.S.S.G. §5G1.3(c).

2. Most defendants who find themselves in Mr. Lyle’s position - being charged as a state probation violator as well as

[1] This is because the government’s promise in the Plea Agreement to the defendant is to recommend a low-end sentence that would run concurrently with the state sentence beginning November 20, 2006. Plea Agreement, ¶2(a) and (d). The low-end of the guideline range calculated here is 51 months. PSR ¶52.

facing new federal firearms violations - generally postpone the resolution of the state violation proceeding until the new federal charges are resolved. Thereafter, the government's understanding (on information and belief) is that state courts usually simply continue the defendant on the same state sentence. Here, the defendant received a four-year sentence for his probation violation. Therefore, the government's sentencing recommendation is designed to allow for some cumulative punishment due to the state violation (here it would be the time served from the date of his arrest until November 20, 2006, a period of roughly eighteen months), while at the same time not treating the defendant proportionately more harshly than others similarly situated.

3. The government's only concern with the defendant's approach is its reliance on the defendant's good time release date from his state sentence as a baseline for determining the amount of the departure. The problem is that the defendant is eligible for parole on his present sentence. Counsel has informed the government that his client may be willing to waive parole on the four-year sentence in order to alleviate this

concern. Should the defendant effectively waive parole, then this issue should be resolved.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/S/ Terrence P. Donnelly
TERRENCE P. DONNELLY (#3506)
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (FAX)

CERTIFICATION

I hereby certify that a true copy of the within Government's Response to Defendant's Motion for Continuance of Trial Date and Pre-trial Order Deadlines was filed electronically on February 13, 2007, and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

James T. McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903-2814

/S/ Terrence P. Donnelly